Court counsel for the respondent Rossman I'm with the Rossman Law Group LLC in Boise Idaho and I represent the appellant in this particular case I think the court can can tell from the briefing that this is a case of strict statutory interpretation there there really were no factual findings by the district court in this particular case and that this court is really the review of the determinations by the magistrate court and whether or not the magistrate court properly interpreted and construed the statute particularly the federal B triple-a is what I'll call it in this particular case biomaterials access Assurance Act can I ask and you may be jumping into focus on this but first of all I found it's not the first time that we've been given in artful language by Congress but I found this one pretty dense and difficult to navigate but as I tried to boil it down part of the question was could you put this implant into a body standing alone and the way I understand it and this is you to pressure check me you can't that that is always anticipated that you did the part that Lima sold would be attached to a head that Lima did not produce first of all am I correct about that you're correct about that your honor and then if I'm correct about that why is that miss not this positive of this case to say that that they were as Lima was a supplier and not a manufacturer because it was a component because what Lima manufactured and supplied was an implant and a medical device that had separate 510 K clearance by the FDA and so when we're asking under the B triple-a whether or not this what Lima supplied was in fact an implant you have to look at that particular device now if the F 510 K clearance included a femoral head or that was not manufactured by Lima I would not be arguing that the B triple eight is not a does is not invoked in this particular case council mr. mr. Rossman is the head a separate implant it is and it's cleared by the FDA as a separate implant as well as is the acetabular lining so that the two are goes into the hip I guess is one implant connected to another yeah the acetabulum is the socket the femoral head is the ball and what Lima manufacturer would be what's called a femoral stem or modif modular revision femoral stem and in your view can you can you be an implant and a component part yeah because the B triple-a defines a medical implant as a medical device and the FDA clears an implant in and of itself as a medical device so it's a separate implant that in but let's talk about medical device because I think that's part of the confusion is that when you get to medical device when you get to manufacture FDA has a whole different set of rules and if you open up a so we got to focus on what the language of the statute is and as I understand medical device is any device component of any combination product that right and I look at the right definition yes but if that if that's the definition of a medical device then a medical device seems like it's a component part which then would provide immunity because then you would be a biomaterial supplier if you're supplying a component part so if you're honestly this is why this statute I really have a difficult time making heads or tails of it because it seems like you're going in circles when you dig in but meta but if what you're saying is right medical device is a component part I don't think so you don't think so I don't think when you construe the statute and you look at the 510 K clearance and you look at what an implant is an implant is a medical device that you're required to obtain a federal 510 K clearance for and that the implant in this case is the femoral stem any femoral stem manufacturer they develop a femoral system that is designed that's right I think the ephemeral stem is a component part of an implant I don't think there's any well I don't I disagree with you the District of Colorado and Whaley held that a femoral head was a component part it almost seems exact now it's a district court unfortunately we don't have any court of appeals decisions to look at but but the you know it looks like we have a district court in Colorado who's decided it the very way I'm describing it now which is the head is a component part and and what seems to be is you've got DJ oh no they settled it out I understand there was never a finding that they were a manufacturer but I think they sort of saw the writing on the wall my suspicion as I read this case is that they saw the writing on the wall that they were gonna be found to be a manufacturer or at least a likelihood that they would be manufacturers so they can you have multiple manufacturers of the same medical device well I think you can have a medical to fuse me I use the wrong term this shows how mixed up of the same implant because medical device is different than an implant right yes medic well medical device in an implant I would submit our one on the same because a medical device requires 510 K clearance as an implant it is a separate talking about FDA stuff I'm talking well it's all part of the FTC a and if you look at the definition within the B triple-a of a component manufacturer a biomaterial supplier means an entity that directly or indirectly supplies a component part or raw material for use in the manufacture of an implant and in this particular case they didn't they didn't design or manufacture anything for use in the manufacture of an implant the implant itself was the femoral stem system and they manufactured all three I would agree with you if we were sitting around the table just having a conversation or even looking at a dictionary but unfortunately the statute says manufacture is any role in the preparation propagation compounding or processing of the implant which could include repackaging something now I don't know what world that satisfies as a definition of manufacture except in this statute but that's the definition we're dealing with I don't think that oh I'm sorry no go ahead explain to me why that part of my question was how do you read manufacture well how do you read a manufacturer is it do we look to the do we look to the dictionary definition or are we supposed to be informed by this very broad definition of manufacturer in the statute well if you look at the term manufacturer there's an exception to this statute for a manufacturer so there's an exception to the immunity provided by the statute for a manufacturer as the manufacturer does not get immunity right manufacturer does not get immunity as defined in the statute now what it says if you read that the lead in on 6 1604 b6 as a manufacturer well excuse me if you read the exclusion itself that it says that the exclusion for a manufacturer or a biomaterial supplier who is a manufacturer will not get the exception however they have to be a biomaterial supplier in this in the beginning opposing counsel is arguing that effectively this statute covers anyone involved in the participating in the development of an implant and that's not what Congress's intent was well I don't know what Congress's intent oh sorry go ahead if your position is that Lima is not a biomaterial supplier does that necessarily mean that Lima is a manufacturer what what it means is Lima is not a biomaterial supplier so the statute itself isn't even in place because a manufacturer doesn't get the exclusion it doesn't isn't excluded from the statute until they're a biomaterial supplier so they've created this limited exception for someone that might be might not be really a manufacturer might be a prop propagator or a prep prep preparer or a compounder that gets the FDA clearance for the particular product and they can be a manufacturer under this but that doesn't mean that there's not someone who is not a biomaterial supplier that doesn't even fall within the statute because the statute is not even invoked until it's determined that the that the defendant is in fact a biomaterial supplier and there are very clear and unambiguous definitions contained within the statute for one to be a biomaterial supplier they have to directly or indirectly supply a component part or raw material for use in the manufacture of an implant that's what I don't understand if they were selling this saying that hey you can just put this in as is if Lima was saying that but that's not what's going on I mean is you just acknowledged and as DJ Oh acknowledged I mean DJ Oh went to the FDA and said hey here's a whole series of heads that can work with this component part that's produced by Lima so why doesn't that just why doesn't that just meet the definition of a component part because you're not a biomaterial supplier until you participate until you supply a component part or raw material for use in the manufacture of the implant and the manufacturer of the implant is the actual construction of the implant and there is no question no dispute in this case whatsoever that Lima manufactured all three components of this implant DJ Oh even testified in the record go ahead I'm sorry so in the record at 1537 38 that it doesn't manufacture anything it imports it gets the clearance it sterilizes and it distributes so yes it might be a manufacturer for the exclusion of the statute but that does not mean it's a biomaterial supplier so Lima sells their they marketed as a separate implant is that right yeah okay and that's really like three different parts it's the screw it's the femoral neck and the femoral stem and the stem right and so do they I'm gonna ask them this but I want to get your position on this is that they make this the screw they make the neck and they make the stem they not only they design it they manufacture it they test it and they ship it okay and then it's sold as a implant and it's sold as a system a an implant system yeah all right all right and so the and how do we define manufacturer and do we look to the clause that talks about manufacturer and propagate and the other why aren't we looking at that because I think that's what judge Nelson's looking at and having a hard time you know and you separate out and say hey you know manufacturer is not defined so you have to go to a separate definition of manufacturer which isn't in the statute so we go to the plain meaning of manufacturer am I understanding your your view of this that's exactly correct I would submit that it under when it when it provides the definition of a component part under 21 16 0 2 1 a and it says directly or indirectly supplies a component part of material for use in the manufacture of an implant we have to assume that Congress in that particular position and at that particular point in describing the preemption or the scope of what is a biomaterial supplier it intentionally we have to assume that it intentionally did not include all of the different things that are added to manufacture under the FDCA section 360 such as propagate prepare or distribute Congress didn't include that when it was talking about who a components component part supplier is or a biomaterial supplier and we have to assume that Congress did so intentionally now yes it created an exception to the statute if one is a defined as a manufacturer and in that section it refers back to a manufacturer under the FDCA section 360 to include these other terms but that's not that's not included in the first initial inquiry this statute does not even apply until there is a determination that the defendant is a biomaterial supplier and you have to apply a common-sense interpretation of the definitions in order to do that and it doesn't matter that the FDA doesn't consider Lima a manufacturer no merely because the FDA is is interpreting it under the FDCA which is section 360 and under section 360 the manufacturer can be in jail because they assume those responsibilities and they are involved in more than just the manufacturing even though they're not involved in the manufacturing they're involved in the preparation compounding and process but would you say whoever is a DJO manufacturers I hate to use the word but manufacturers the ephemeral ball is correct I don't think so I and Steve Thomas can probably clarify this my my it's nothing in the record to indicate but if so then whoever makes that they also would be a manufacturer your view and therefore they also would not have exactly your honor I think if you interpret this statute the way that mr. Thomas is advocating you're going to you're gonna have to make the determination to be triple-a applies in every medical device product liability case anyone involved in the participation preparation of a medical device is covered by the BAA why do we only have five cases throughout the entire country on this because it is a general understanding that it only applies to biomaterial suppliers as defined in the statute if they're not a biomaterial supplier which ephemeral head manufacturer is not which ephemeral stem system manufacturer is not then the statute doesn't apply and there's no reason for to apply if you read the congressional purpose behind this what the concern was was companies manufacturing a piece a component part that is used in some other device that they have no control of and being thrown into litigation so I totally get it and if we were going just based on the purpose I think you'd have a strong argument unfortunately Congress muddied the waters but actually put in some definitions that I don't think match up with what they were trying to do here but we got to sort that out I would only say that if Congress has muddied the waters to the extent that it's there's some ambiguity here you do have to read it in light of the congressional purpose underlying the statute and if you read that congressional purpose there could be no explanation as white Congress intended a manufacturer of every component of this implant such as Lima to be included in that statutes immunity provisions all right thank you counsel we'll give you a minute for rebuttal you've exceeded your time thank you we'll hear from Lima corporate hello this is Steve Thomas Boise Idaho for Lima corporate can the panel see me now yes okay ladies and gentlemen of the court the gateway to this statute and indeed to this appeal is through section 1603 of the act it has some very broad language that this chapter applies to a any civil action brought by a claimant whether in federal or state court on the basis of any legal theory for harm allegedly caused directly or indirectly by an implant as far back as the complaint there has been no allegation no differentiation that this is an implant and that they are suing for personal injury so we are through the is there are three statutory roles which one do we Lima fit under mr. Thomas are from these femoral heads such as the you know co-cord DJ Oh surgical for moral head required for every type of hip implantation or just the one that your honor that would be a choice of the surgeon if you look at er 1486 that's the 510 K application I have it here ready to share on screen if the court will permit me to share screen that's not necessary for me but if you could just tell me sure 1486 under the 510 K application there are seven other components quote compatible components which would work with this stem there are three heads listed including the file lock ceramic the coke cobalt chromium femoral head which is what was used here and also the Delta ceramic femoral head so there's a choice for the surgeon and then do you agree that the components that there are three major components and that is the head so you disagree with mr. Rossman that the heads are considered implants your honor the head would be cleared separately I agree with that but the head by itself much like the stem by itself or the socket by itself means nothing no no but can I push back on that because implant isn't the definition of implant a medical device that is intended by the manufacturer of the device to be placed into a surgically or naturally formed or existing cavity of the body for at least or for a period of at least 30 days and again I just come back and say I don't know what Congress was saying because it seems to say everything was an implant but your honor I'm glad you went there because I think that's a critical solution piece so but but I think in answer to judge McGee's question you sort of avoided it I think the answer is it is an implant well I yeah I think that each one of these like you need to just say that that it's an implant I mean it was an implant which that doesn't work in my head there I'm sorry I'm sorry I just saying I think it's an implant but I'm not sure that that answers the question of whether that makes Lima a biomaterial supplier or not well the to me the critical part of that definition that your honor read from 1602 sub 5 implant is that it's a medical device that is intended by the manufacturer of the device to be placed in the body for more than 30 days so it's to me very important the Congress has deferred to the intent of the manufacturer here everybody agrees that's DJ oh okay so I'm not sure every well yes indeed your honor the district court agreed the FDA agreed and even in their brief you look at our brief at pages 31 and 32 we have admissions by open quarter back in Boise he agreed and in the FDA agrees that DJ oh is the manufacturer and that's uncontested in this record my point is their intent is where Congress looks and that's why er 1486 which is the fourth page of the 510 K application is so important reflecting their intent talks about these six or seven compatible components to go with this stamp and other evidence of intent on the part of DJ oh is in the 2009 supply agreement with my client Lima as the record shows that clearly says components with a capital C are being supplied to DJ oh by my client and before I forget I need to correct one part of the colloquy with judge Maguire earlier and mr. Robert yeah regia I'm sorry I'm sorry the fact is my client does not sell these stems in Europe different story under different statute and under a different instruction for use which my client wrote but in terms of selling into the United States the answer is no the only supplied them to DJ oh which did a lot of additional work before that device was ready for implantation including the all-important statutorily required labeling which is the buzzword for the instructions for use and that's the heart of this case that this appeal kind of goes all the way around it was aggressively over marketed through that IFU that DJ oh wrote not my client okay I just want a quick question here if I someone maybe not in the United States but somewhere that you were allowed to sell to wanted to just buy the neck or just buy this through from the Lima implant system you know as opposed to the entire system would do you sell that do you do you make those and do you sell those your honor you you have to admit it's not relevant because of the separate laws etc etc in terms of in the United States no my client in the time period in question did not sell anything to doctors or so-called reps in the United States they only sold to DJ oh and DJ oh sold after it did it so you you make your client Lima makes the stem and the neck and the screws stem and the neck that's the distal body and the proximal body in the screw yes ma'am that you make them you don't get the screw from someone else you make them as far as we can the records unclear but it came from Lima this well what one reason I don't want to interrupt the question except that the screw that the magistrate judge here seemed to find that the screw was made by someone other than Lima of my understanding is it is it made by Lima so maybe it is an important clarification in fairness your honor I don't think it is important she did so fine but in a later opinion which is also being appealed from she explains that that was not determinative in her decision because this device when it arrived on the dock in Austin Texas it was not ready for implantation was not have a lot of other things that the FDCA requires to be done in terms of processing labeling sterilizing etc so it was not ready for implantation when it left my dock in San Daniel del Friuli Italy okay so my point is simply this we have a statute that I concede is unique it is highly unusual it's been on the book since 1998 but we are inside that gateway so we have a broad opening section of applicability under 1603 we're inside that gateway there are three statutory roles the question is which one fits my client and clearly it's not statutory manufacturer the FDA confirmed that the district court was right DJO is the statutory manufacturer statutory seller never has anybody alleged that we were the statutory seller and we're not at least can I ask a question as you go through that so the as is intended by the manufacturer your interpretation what you're encouraging us to look at for the definition of manufacturer is the FDA's definition of statutory yes sir okay even though that seems inconsistent with the definition of manufacturer in in the in the B triple-a I'm not sure I agree that it's I believe that well I mean let's let's say I don't know about inconsistent but I think we have to acknowledge I think the definition of manufacturer or just factor alone is far broader are the FDA's definition of statutory manufacturer there are a lot of individuals or a lot of companies that would qualify that is involved in the manufacture of the product that would not be the manufacturer of the product well I agree with your honor I think that is true the definition in this statute under 1302 I'm sorry 1602 sub 6 it contemplates at least five different processes between preparation propagation compounding and so forth and it has two other elements you have to register and list so that's a critical part of the definition and it is a specialized definition for this B triple-a that is true and that is what DJO did it completed the maximum manufacturing process after it got this machined piece from Italy and including sterilization and the all-important labeling which is the IFU which the heart of this case was over marketed for people who were of any weight and in fact it shouldn't have been for heavy BMI people or active people that was the problem and that's why DJO said I want to remind the court that there's two ways that a component supplier may be liable one is if they are required to register and list with the secretary and here the FDA was asked that question in the citizen petition instead no secondly if the component specs do not meet the contract and in this case the appellant has conceded that issue and so we're back full circle to this definitional exercise which I submit is one of semantics and it is circular I can see that you know I've been to three minutes I'd like to make a point which picks up where judge Nelson began in the final analysis this case starts and ends with the term implant here mr. Connell came out of st. Alphonsus Hospital Boise Idaho on April 21 2011 with a new hip be precise a new revision hip because the first one had broken or worn out but on April 21 he got a new artificial titanium hip implanted into his body intended to be there for more than 30 days it had three major components a socket or an acetabular cup same thing a ball also knows femoral head and a femoral stem that's what my client made didn't make the other two and in his reply at page 6 mr. Rossman concedes that point no one would suggest that implanting a stem by itself would work doing so would create pain it would not support body weight it would not allow for motion of the patient in fact the patient's leg would not even be connected to the pelvis so no femoral stem alone is worth nothing and no surgeon puts in just a stem into a revision hip patient it makes no sense there would be medical malpractice in and of itself so statutory manufacture you know intended this stem to be a component compatible with seven other components to make a system a hip system and that's what he came out with he got a new hip and that's what happened on April 21st 2011 my clients entitled to the immunity provided in this statute it was not required to register a list and it did not and it did meet contract specifications even though it was the plaintiff appellants burden to adduce evidence to the contrary and they never did so so all in all it is a just result to can I go one step further I appreciate how you've outlined this but one of my concerns I feel like we're faced with two differences one where an enormous number of companies get immunity and the other one is the plaintiffs are advocating almost nobody gets immunity and and you know that is what it is we'll have to dig through it but one of my concerns is could a physician be a manufacturer and we'd never say that sit around a normal table but when you get into the definitions this almost is is as though a physician depending on which component parts he chooses now in this case I don't think it applies but theoretically a physician depending on what he chooses to put into the package I can answer that I can answer that your honor we do have in the record the the delivery ticket to San Alfonso's Hospital is SCR 118 and it shows all all of the components coming in with the exception of the cup the acetabular cup my point is that as far as we can tell the hospital took title doctor never did so in that case I would be shocked if the urgent seller because the statutory seller is somebody downstream from the manufacturer who is taking title and then resells it so I think not but your points of good one earlier your earlier point the way that the plaintiff construes this act nobody gets immunity the reason I don't think the problem you voiced is applicable and happens the the manufacturing process that is called out in this statute under subsection 6 is very ornate and it requires and it requires registration and listing that's the one stop shop concept under this statute that the entity to whom the FDA turns for regulatory matters like adverse event reporting it is the 510 K holder who is the statutory manufacturer and under the statute as the FDA said in its decision it is the manufacturer who is responsible for the safety and efficacy and efficacy of this device and it is the one-stop shop for regulatory matters and for civil tort liability the statute funnels all of that down to the statutory manufacturer and he must stand and defend the project so like a building where you have the general contractor actually the statutory manufacturer he may have had a lot of subs but he's got to stand up and defend his work as a general contractor the difference is that so many of these component suppliers are offshore and in 1998 Congress said hey these guys aren't willing to do business to sell their their components to us because there's so much liability exposure and so that's why we have a special rule in this industry they wanted to make sure we had some components so that people could get new joints there's a big big market because a lot of folks are in a lot of pain I can't tell from this counter my overtime you're over time thank you counsel for noticing that all right rebuttal thank you I want to respond to that last point where your honor said that under defendants or the respondents position everyone would be covered by the statute would have potential immunity and under my position no one would well that's not entirely true the case are those that are intended under the congressional purpose to have a beautiful that's someone who supplies a screw as part of this total implant has no control over the rest of the implant someone who supplies just the stem component of the implant no control over the federal screw that is what this statute I don't understand and I don't want to take up your time but I don't understand how the fight that what differences you just made I don't understand where the limit is why is a screw why is a screw maker entitled to immunity but not someone who puts three pieces together that's still supposed to be a part of a five part or a four part implant that goes into somebody I mean isn't the answer isn't the question that we need to ask was this intended to go in solely on its own into a patient and if the answer is no they get immunity if the answer is yes they don't get it I think you'd have to rewrite the statute but we can and I appreciate that again if you think it's ambiguous you read it in in light of the congressional purpose and it was not to provide immunity in every medical device lawsuit otherwise you're gonna this statute's gonna be actively involved in every lawsuit that's ever filed for medical devices that's not what Congress intended if you supply a screw you have no control of the rest of that system you should we want to encourage people to supply screws nonetheless and that's why Congress defined a component part to mean a manufactured piece of an implant not an implant in its entirety which is what Lima manufactured in this particular case all three components of that femoral stem system so with that your honor I would ask that the court reverse the decision of the lower court remand this case for further proceedings thank you thank you thank you to both counsel for your helpful arguments in this complicated case the case is argued is submitted for decision by the court the final case on calendar for argument today is Cheney versus United States Life Insurance Company in the city of New York
judges: Rawlinson, Murguia, Nelson